UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:22-CR-125 AGF |
| v. | ) | |
| | ) | |
| JOSHUA SWIFT, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are JOSHUA SWIFT (hereinafter, "Defendant"), represented by Defense Counsel Mohammed Ahmed, and the United States of America (hereinafter "United States"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to, nor bound by, this plea agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for Defendant's voluntary plea of guilty to Counts I and II of the charge, the Government agrees to dismiss Counts III and IV of the Indictment, and that no further federal prosecution will be brought in this District relative to Defendant's conduct on December 2, 2021, of which the Government is aware at this time.

1

In addition, the parties agree the recommendations contained herein fairly, and accurately, set forth some guidelines that may be applicable to this case. **The parties further agree to jointly recommend an 84 month sentence at the time of sentencing in consideration for his change of plea.** Notwithstanding, the parties understand, and agree, that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

## 3. ELEMENTS:

As to Count I, Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), that there is a factual basis for the plea, and that Defendant fully understands that the elements of the crime are:

(i)     Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

(ii)    Defendant, thereafter, knowingly possessed a firearm;

(iii)   At the time Defendant knowingly possessed a firearm, Defendant knew he had been convicted of a crime punishable by imprisonment for more than one year; and,

(iv)    The firearm was transported across a state line at some point during or before Defendant's possession of it.

As to Count II, Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), that there is a factual basis for the plea, and that Defendant fully understands that the elements of the crime are:

(i)     Defendant possessed cocaine base, a Schedule II controlled substance;

(ii)    Defendant knew he was in possession of cocaine base;

(iii)   Defendant intended to distribute some, or all, of the cocaine base to another person.

2

## 4. **FACTS**:

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On December 02, 2021, at or around 03:30 hours, officers with the Saint Louis Metropolitan Police Department were on routine patrol in the area of Hamilton Heights, a neighborhood located in the Eastern District of Missouri, when their attention was drawn to a Chevrolet Malibu connected to a Saint Louis County shooting and a felony evasion in the City of Saint Louis. The vehicle was parked on the south curb of the 5300 block of Wells Avenue; Defendant was the vehicle's sole occupant.

Officers requested and obtained permission to deploy spiked strips—the strips were set up just east of their position. Officers maneuvered their patrol vehicle behind the parked Chevrolet Malibu and activated their emergency lights and siren. The Chevrolet Malibu fled eastbound on Wells Avenue towards Union Boulevard—running over the spiked strips in the process. Thereafter, the Chevrolet Malibu accelerated to a high rate of speed, traveled through multiple controlled intersections on southbound Union Boulevard, in wanton disregard to the safety of others, and took the officers through 14 neighborhoods throughout the City of Saint Louis before coming to a halt at or near 4116 Lee Avenue. Afterwards, the officers placed Defendant under arrest and observed Defendant had a bag strapped around his shoulders.

During a search incident to arrest, the officers discovered a High Standard, R-103 Sentinel, .22 LR revolver, and a Kahr Arms, CM9 model, 9mm caliber, semi-automatic pistol, on Defendant's person. Both firearms were loaded. In addition, officers recovered a plastic bag

3

containing eight small, individually knotted baggies of a white, rocky substance, a plastic baggie containing five (5) multi-colored a tablets, a digital scale, and $1,064 in US currency.

Officers next search Defendant's vehicle. Therein, officers discovered a loaded Masterpiece Arms, MPA30T model, 9mm Luger caliber semi-automatic pistol on the driver's seat floorboard. The firearm had a chambered round and an extended magazine containing 17 live cartridges. Officers advised Defendant of his Miranda rights and Defendant inquired as to whether he was still considered to be a felon.

The suspected controlled substances were submitted to, and analyzed by, an expert criminalist with the Saint Louis Metropolitan Police Crime Laboratory. The criminalist confirmed the white rock-like substance, contained a mixture or substance containing a detectable amount of cocaine base. The criminalist also confirmed that the tablets contained a detectable amount of methamphetamine. Defendant admits he possessed cocaine base and methamphetamine within intent to distribution all or some of it to another person.

The recovered firearms were later determined by an expert firearm examiner to have been manufactured outside of the State of Missouri, and therefore, had been transported across state lines and in interstate commerce prior to Defendant's possession. It was further determined the aforementioned weapons could expel a projectile by the action of an explosive and were "firearms" as defined under federal law.

Prior to December 02, 2021, Defendant had been convicted of at least one felony offense punishable by imprisonment for a term exceeding one year. At the time Defendant possessed the aforementioned firearms, he knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

**4**

## 5.  STATUTORY PENALTIES:

Defendant fully understands that the maximum possible penalties provided by law for the crimes to which Defendant is pleading are:

a. **Count I**: imprisonment of not more than 10 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three years.

b. **Count II**: imprisonment of not more than twenty (20) years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court shall impose a period of supervised release of not less than three (3) years, but not more than life.

**Possibility of Enhanced Criminal Status**: In certain situations, under Title 18, United States Code, Section 924(e) (Armed Career Criminal), a criminal defendant may be subject to a mandatory minimum sentence of 15 years and a maximum sentence greater than described above. Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to Defendant's sentence. However, both parties retain the right to litigate whether Section 924(e) applies to Defendant's sentence.

## 6.  U.S. SENTENCING GUIDELINES 2018 MANUAL:

Defendant understands this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

5

## FELON IN POSSESSION OF A FIREARM

**c.  Chapter 2 Offense Conduct:**

   **(1)  Base Offense Level:**  The parties agree that the base offense level is found in Section 2K2.1(a) and depends on, among other things, the nature of Defendant's criminal history and the characteristics of the firearm. The Base Offense Level may also be determined under Section 4B1.4 if Defendant is determined to be an Armed Career Criminal.

   **(2)  Specific Offense Characteristics:**  The parties agree that four levels should be added pursuant to 2K2.1(b)(6)(B) because Defendant possessed a firearm in connection with another felony offense. Two additional levels should be added pursuant to 2K2.1(b)(1)(A) due to his possession of three but less than seven firearms on December 2, 2021.

**d.  Chapter 3 Adjustments:**

   **(1)  Reckless Endangerment During Flight**: The parties agree that two levels should be added pursuant to Section 3C1.2 because Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement.

   **(2)  Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because Defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of Defendant's intention to plead guilty. The parties agree that Defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements and/or conduct by Defendant which it believes are inconsistent with his eligibility for this deduction, the Government may present evidence and argue that Defendant should not receive all or part of the Section 3E1.1 deduction, without violating the plea agreement.

6

(3) **Other Adjustments:** The parties have no further agreements.

**POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE**

a. **Chapter 2 Offense Conduct:**

(1) **Base Offense Level:** The parties recommend that as to Count Two of the Indictment, the base offense level for Defendant is 14, pursuant to Section 2D1.1(c)(13), as Defendant possessed at least 2.8 grams, but not more than 5.6 grams, of cocaine base with intent to distribute to another person.

(2) **Specific Offense Characteristics:** The parties agree that two levels should be added pursuant to 2D1.1(b)(1) because Defendant possessed a firearm while in possession of cocaine base with intent to distribute some or all of it to another person.

b. **Chapter 3 Adjustments:**

(1) **Reckless Endangerment During Flight**: The parties agree that two levels should be added pursuant to Section 3C1.2 because Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement.

(2) **Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because Defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of Defendant's intention to plead guilty. The parties agree that Defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements and/or conduct by Defendant which it believes are inconsistent with his eligibility for this deduction, the Government may present evidence and argue that Defendant should not receive all or part of the Section 3E1.1 deduction, without violating the plea agreement.

7

**(3) Other Adjustments:** The parties have no further agreements.

**e. Estimated Total Offense Level:** Based on the above recommendations, the parties estimate that the Total Offense Levels are as follows:

**(1) Count One**: The parties agree that the Total Offense Level will depend on the Base Offense Level determined pursuant to Section 2K2.1(a), along with other relevant factors stated above, unless Defendant is an Armed Career Criminal. Depending on the underlying offense and Defendant's criminal history, Defendant could be a Career Offender pursuant to Section 4B1.1 or an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds Defendant is a Career Offender or an Armed Career Criminal or both, the Total Offense Level may be higher, and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue their respective positions regarding whether Defendant is or is not a Career Offender.

**(2) Count Two**: The parties agree that the Total Offense Level for Count II is a 15 unless Defendant is a Career Offender. Depending on the underlying offense and Defendant's criminal history, Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds Defendant is a Career Offender, the Total Offense Level may be higher, and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with Defense Counsel. Both parties reserve the right to argue their respective positions regarding whether Defendant is or is not a Career Offender.

**f. Criminal History:** The determination of Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to Defendant's criminal history and the applicable category. Defendant's

**8**

criminal history is known to him and is substantially available in the Pretrial Services Report.

      **g.  Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made above but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

## 7.  WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

      **a.  Appeal:** Defendant has been fully apprised of his rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

      **(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which Defendant is pleading guilty and whether Defendant's conduct falls within the scope of the statute(s).

      **(2)   Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences Defendant within or below that range, then, as a part of this agreement, Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences Defendant within or above the determined Sentencing Guidelines range.

9

**b.  Habeas Corpus:** Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c.  Right to Records:** Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.  OTHER:**

**a.  Disclosures Required by the United States Probation Office:** Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

**b.  Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c.  Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on Defendant to which Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3),

**10**

without credit for the time served after release. Defendant understands parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which Defendant agrees to pay at the time of sentencing. Money paid by Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. Defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:** Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. Defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, Defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

**9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried

**11**

by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. Defendant further understands that by this guilty plea, Defendant expressly waives all the rights set forth in this paragraph.

Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which Defendant has requested relative to the Government's case and any defenses.

**10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between Defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in

**12**

this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. Defendant further acknowledges that this guilty plea is made of Defendant's own free will and that Defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the Government, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**[THIS PORITION LEFT INTENTIONALLY BLANK]**

13

**12. NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

11/21/22
Date

KOURTNEY M. BELL, #300171CA
Assistant United States Attorney

11/21/22
Date

JOSHUA SWIFT
Defendant

11/21/22
Date

MOHAMMED AHMED
Attorney for Defendant

14